UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM BANGHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-CV-307 JD |
| | ) | |
| NEW YORK BLOWER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**Order**

On August 8, 2011, Plaintiff William G. Banghart filed a complaint against New York Blower Company. The Defendant filed an answer on August 2. *See* DE 6. On August 29, Magistrate Judge Christopher A. Neuchterlein directed the parties to file status reports by September 26 to assist the Court in preparing a scheduling order. *See* DE 7. Mr. Banghart did not respond, and on October 13 the Court directed him to file the requested status report by October 25, and to explain why his case should not be dismissed for failure to prosecute. *See* DE 11. The Court also notified Mr. Banghart that his failure to respond to the order or future orders could result in the dismissal of his case. Mr. Banghart again failed to file his report and on November 10, the magistrate judge issued a report and recommendation recommending that this case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* DE 12.

It has now been over one year since Mr. Banghart has made any effort to prosecute his case, and he has had ample notice that his failure to respond to the Court's orders would result in the dismissal of his case. As of this date, no party has filed an objection to the Report and Recommendation.  *See* Fed. R. Civ. P. 72(b)(2) (affording the parties fourteen days to file objections). The Court's review of a Magistrate Judge's Report and Recommendation is

governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which specific written objection have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a magistrate judge's report and recommendation and the district court's standard of review for resolving objections). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court also "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id.* Under the clear error standard, the Court can only overturn a magistrate judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) permit the parties to file objections to a Report and Recommendation within fourteen days of being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). More than 14 days have passed since the entry of Magistrate Judge Nuechterlein's Report and Recommendation, and no party has filed an objection. Consequently, because the time period for objections has passed, the Court considers there to be no objection to Magistrate Judge Nuechterlein's Report and Recommendation.

Having reviewed the Report and Recommendation and finding no clear error therein, the Court **ADOPTS** the Report and Recommendation in its entirety [DE 12], and incorporates Magistrate Judge Nuechterlein's findings and recommendations into this order. Moreover, the Court independently concludes that the prolonged failure to prosecute this claim warrants dismissal. Accordingly, the Court now **DISMISSES** this case **without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

SO ORDERED.

ENTERED:  October 9, 2012

                                                          /s/ JON E. DEGUILIO
                                                          Judge
                                                          United States District Court